

# Fourth Court of Appeals
## San Antonio, Texas

October 17, 2018

No. 04-18-00357-CR & 04-18-00358-CR

Carlos Javier **CHAVEZ,**
Appellant

v.

The **STATE** of Texas,
Appellee

From the County Court at Law No. 6, Bexar County, Texas
Trial Court No. 551667 & 551669
Honorable Wayne A. Christian, Judge Presiding

# O R D E R

On October 8, 2018, appellant's appointed counsel, Suzanne Kramer, filed a purported *Anders* brief. However, when she filed the brief, Ms. Kramer filed neither a motion to withdraw nor proof pursuant to *Kelly v. State* that she had provided appellant with a form motion to allow him to request the record from this court. *See Kelly v. State*, 436 S.W.3d 313 (Tex. Crim. App. 2014). Ms. Kramer subsequently filed her motion to withdraw, but did not file proof that she had provided appellant with a form motion as mandated by *Kelly*.

After telephone calls from our clerk's office, Ms. Kramer, on October 10, 2018, filed a document entitled "Motion for a Free Reporter's Record on Appeal." In that motion, she asks that this court "grant this Motion … should [appellant] decided [sic] to proceed pro se." Appellant is indigent and he is entitled to a free record should he request one. Thus, we **DENY AS MOOT** the motion for a free record. This motion for a free reporter's record filed by Ms. Kramer is not the motion mandated by the court's decision in *Kelly v. State*. In *Kelly*, the court of criminal appeals specifically stated that in *Anders* cases, in addition to appointed counsel's other duties, counsel must provide appellant with a form motion for purposes of requesting the record and inform appellant that "in order to effectuate his right to review the appellate record pro se, should he choose to invoke it, he must sign and date the motion and send it on to the court of appeals within ten days of the date of the letter from appellate counsel." *Id.* at 319–20. Counsel must must "notify the court of appeals, in writing" that she has informed the appellant of the motion to withdraw and the *Anders* brief, provided the appellant with copies of the documents, notified him of his pro se rights, and that she has supplied the appellant with a form motion for pro se access to the appellate record and the court's mailing address.

Although Ms. Kramer filed her *Anders* brief, a motion to withdraw, and a letter establishing that she provided appellant with copies of same and advised appellant of his right to review the record and file a pro se brief, she has failed to provide proof to this court that she has supplied appellant with a form motion to allow appellant pro se access to the appellate record, advised him of this court's mailing address, and advised that he should file said motion, should he desire to file his own brief, within ten days of receiving it. Thus, Ms. Kramer has failed to comply with her duties pursuant to *Anders* as set out by the court of criminal appeals in *Kelly*. *See id.*

Accordingly, we **ORDER** Suzanne Kramer, to file in this court **on or before 12:00 p.m. on Friday, October 19, 2018, proof that: (1) she has supplied appellant with a form motion for pro se access to the appellate record; (2) advised appellant of this court's mailing address; and (3) advised appellant that should he desire access to the record for purposes of filing a pro se brief, he must sign, date, and send the motion for access to the record to this court within ten days of the date of her letter. If Ms. Kramer fails to timely comply with this court's order by the date ordered, she may be ordered to appear and show cause why she should not be held in civil or criminal contempt of this court or otherwise sanctioned.**

We **order** the clerk of this court to serve this order on Suzanne Kramer by first class United States mail and by certified mail, return receipt requested, with delivery restricted to addressee only, or give other personal notice of this order with proof of delivery. We further **order** the clerk of this court to serve a copy of this order on Suzanne Kramer by facsimile and by email, and to call and advise her of this court's order and its deadline. The order shall also be served on counsel for the State.

_____
Marialyn Barnard, Justice

IN WITNESS WHEREOF, I have hereunto set my hand and affixed the seal of the said court on this 17th day of October, 2018.

_____
KEITH E. HOTTLE,
Clerk of Court